IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRIMPONG A. KWADWO, | : | |
| Petitioner, | : | |
| v. | : | No.: 4:17-CV-769 |
| WARDEN CRAIG LOWE, | : | (Judge Brann) |
| Respondent. | : | |

**MEMORANDUM OPINION**

JUNE 21, 2017

## I. BACKGROUND

Frimpong A. Kwadwo, a detainee of the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while confined at the Pike County Prison, Lords Valley, Pennsylvania. Warden Craig Lowe of the Pike County Prison is named as the sole Respondent. Service of the petition was ordered on May 8, 2017.

Petitioner describes himself as being a native and citizen of Ghana who entered the United States in 1998 on a visa with an entertainment group. On December 21, 2015, Kwadwo plead guilty to one count of conspiracy to commit wire fraud in the United States District Court for the Western District of

Pennsylvania. He was sentenced to a ten (10) month term of imprisonment. After completing service of his criminal sentence on March 11, 2016, Petitioner was immediately taken into ICE custody. An immigration judge denied Kwadwo's request for withholding of removal and ordered his removal from the United States on September 2, 2016.

According to the Petitioner, he has been detained by ICE since March 11, 2016. It is alleged that ICE has been unable to timely deport Kwadwo to Ghana in a timely manner. Petitioner's pending § 2241 petition challenges his indefinite detention pending removal under the standards announced in *Zadvydas v. Davis*, 533 U.S. 678 (2001). As relief, Kwadwo seeks his immediate release pursuant to an order of supervision or in the alternative that he be provided with an individualized bond hearing. *See* Doc. 1, p. 4.

## II. DISCUSSION

On June 14, 2017, Respondent filed a response to the petition. *See* Doc. 7, p. 1. The response states that Petitioner was removed to his native country of Ghana on June 13, 2017. *See id.* at p. 3. Accordingly, Respondent contends that since Kwadwo has been removed from the United States, dismissal on the basis of mootness is appropriate.

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties

must continue to have a "'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990); *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. *Lewis*, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the <u>continuing</u> existence of a live and acute controversy." *Steffel v. Thompson*, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese*, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)); *see also Gaeta v. Gerlinski*, Civil No. 3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As relief, Kwadwo sought his immediate release from ICE detention or an individualized bond hearing. *See* Doc. 1, p. 4. Documents submitted by the Respondent in Petitioner's case indicate that he was removed to Ghana on June 13, 2017. *See* Doc. 7-1. Since Petitioner is no longer being detained by ICE, under the principles set forth in *Steffel*, the instant petition is subject to dismissal as moot

since it no longer presents an existing case or controversy.

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge